UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTIS LEE BROWN,

    Plaintiff,

v.                                              Case No. 3:14cv53/LC/CJK

J.T. DEGRAAF, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon defendants' motion to dismiss (Doc. 36) and plaintiff's response in opposition (Doc. 38). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon careful consideration of the record, the parties' submissions, and the relevant law, the court concludes defendants' motion to dismiss should be granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida Department of Corrections ("DOC") currently confined at Hamilton Correctional Institution Annex. Plaintiff initiated this lawsuit on February 6, 2014, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff names two defendants in this action: Century Correctional Institution ("Century

CI") Officer J.T. Degraaf, and Century CI Captain E. Parish. (Doc. 1, p. 1).[1] Plaintiff sues the defendants in their individual capacities.

Plaintiff's complaint contains the following factual allegations. On June 12, 2013, at approximately 4:00 a.m., plaintiff entered the chow hall at Century CI to receive a breakfast tray. (*Id.*, p. 5). After plaintiff received a tray, Sergeant Johnson ("Johnson") ordered plaintiff to discard his tray due to plaintiff's slow pace. Plaintiff complied with the order but asked Johnson if he could speak with a supervisor about the denial of food. (*Id.*). Because of plaintiff's request, Johnson became irritated and physically escorted plaintiff outside of the chow hall. (*Id.*).

Once out of view of the other inmates and officers, Johnson placed plaintiff in handcuffs and called for defendant Officer J.T. Degraaf ("Degraaf") to assist him. (*Id.*, p. 6). After telling Degraaf about plaintiff's request, Johnson instructed Degraaf to "help show this inmate who the officer in charge really is." (*Id.*). Degraaf stepped toward plaintiff and "without warning" punched his left eye. (*Id.*). Degraaf then slammed plaintiff into the ground and continued to punch, kick, and hit plaintiff's head against the floor. (*Id.*). Plaintiff "begged" Johnson to restrain Degraaf, but Johnson did not intervene. (*Id.*). Plaintiff eventually lost consciousness. (*Id.*, p. 6-7).

Degraaf brought plaintiff back to consciousness with a slap to the face. Plaintiff was told the incident could have been avoided if plaintiff did not request to "go over" Johnson's head. (*Id.*). Degraaf threatened plaintiff with "reprisal if a grievance was filed about the incident." (*Id.*, p. 7). Plaintiff was then escorted to the medical department to receive treatment for "facial abrasions, left swollen eye,

---

[1] The references to documents and page numbers will be to those automatically generated by the CM/ECF system.

swelling of the right side of the head, and random breakage of the skin around the facial area." (*Id.*).

While in the medical treatment center, Captain E. Parish ("Parish") approached plaintiff and interviewed him concerning the incident. Due to fear of reprisal from Degraaf, plaintiff informed Parish he had nothing to say. (*Id.*). Plaintiff was subsequently transferred to confinement. (*Id.*). Plaintiff asserts that Parish, in order to justify Degraaf's excessive use of force, approved a false disciplinary report ("DR"). The DR stated plaintiff hit Degraaf in his right eye. (*Id.*, p. 7-8).

By 8:00 a.m., plaintiff was transferred to Santa Rosa CI and placed on close management. Plaintiff claims the transfer was calculated to keep the incident "quiet." (*Id.*, p. 8). Plaintiff's initial DR, log number 106-130573, charged him with "battery, or attempted battery" on a correctional officer. This DR was later overturned on a technical error and rewritten as log number 106-130810. (Doc. 36-1, p. 1-2).[2] An investigation was conducted within Century CI concerning the incident. (*Id.*). On August 13, 2013, plaintiff received notice of the charges against him, and the investigation ended the next day. (*Id.*). Plaintiff pleaded not guilty to the charges, but was found guilty and forfeited sixty-two days of gain time. (*Id.*, p. 1-2). To date, the DR conviction for battery has not been overturned. (Doc. 36-2, p. 1).

---

[2]Defendants attached a copy of plaintiff's DR for battery and a copy of plaintiff's DR record (Docs. 36-1, 36-2). A motion with exhibits that concerns only matters of abatement is treated as a Federal Rule of Civil Procedure 12(b) dismissal. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). A dismissal based on a *Heck* bar is a lack of subject-matter jurisdiction dismissal under Rule 12(b)(1) and is a matter in abatement. *See Felgar v. Burkett*, 328 F. App'x 107 (3rd Cir. 2009). As such, a motion to dismiss based on a *Heck* bar can be supported by exhibits to demonstrate that the conviction has not been overturned, such as the plaintiff's case at bar. *See Ross v. Jackson*, No. 8:10cv1813-T-17AEP, 2011 WL 2357885 (M.D. Fla. June 10, 2011).

Case No: 3:14cv53/LC/CJK

As a result of the foregoing conduct, plaintiff alleges defendant Degraaf violated his First and Eighth Amendment Rights when Degraaf used excessive force against the plaintiff in retaliation for plaintiff asking to speak to a supervisor. Plaintiff alleges defendant Parish violated his Eighth Amendment rights when Parish encouraged a subordinate's excessive use of force by approving a false disciplinary report that resulted in plaintiff's emergency transfer.

Plaintiff asserts his relationship with his mother deteriorated because of his transfer, causing her not to pay for a defense attorney. (Doc. 1, p. 8). Plaintiff also states he lost $100 a month from this worsened relationship. (*Id.*). As relief, plaintiff requests compensatory damages of $50,000 against each defendant. Further, plaintiff seeks punitive damages against each defendant, prejudgment interest on all economic losses and post-judgment interest, the costs of the litigation, a trial by jury, and any additional relief the courts deems just and proper. (*Id.*, p. 9).

## LEGAL STANDARD

In considering a motion to dismiss, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519 (1972), accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of*

*Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980)[3]; *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint or counterclaim must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id*. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Case No: 3:14cv53/LC/CJK

## DISCUSSION

Defendants argue that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff's allegations, if proven true, would invalidate the DR conviction he received for battery on an officer. In *Heck*, the Supreme Court held that, before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been somehow invalidated. 512 U.S. at 486-87. If the plaintiff fails to demonstrate that the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. If the factual basis of the plaintiff's civil case is "inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) "[E]ven when the plaintiff does not seek such damages, his suit may be barred if, for example, he must negate an element of the offense of which he has been convicted in order to prevail. . . ." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks omitted); *see also Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) (indicating that a plaintiff "can't base a civil case on evidence that if true shows he was wrongly convicted; that is an impermissible end run around the conviction.")

The Supreme Court has extended the *Heck* analysis to claims made by prisoners challenging disciplinary actions involving the loss of gain time. *Edwards v. Baliskok*, 520 U.S. 641 (1997). The *Edwards* Court stated when an inmate receives a DR conviction, the inmate cannot bring a 42 U.S.C. § 1983 claim if

winning the claim would implicitly invalidate the conviction. *See also Richards v. Dickens*, 411 Fed. App'x 276, 278 (11th Cir. 2011) ("But if good-time credits have been eliminated, a prisoner's § 1983 suit challenging a disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence" and therefore the prisoner cannot bring a claim).

An excessive force claim may, in limited circumstances, co-exist with a DR conviction of battery against an officer:

> When . . . a plaintiff admits that he hit a law enforcement officer but asserts that the officer responded with excessive force, there is no *Heck* problem. A finding that the officer employed excessive force would not impugn the plaintiff's battery conviction. . . . But when the theory of the plaintiff's excessive force case is that he never hit the officer and that the officer attacked him without provocation, the plaintiff, in effect, is mounting a collateral attack on his battery conviction, which *Heck* does not allow.

*Harvey v. Teal*, No. 5:08CV339(RH/AK), 2010 WL 427434, at *2 (N.D. Fla. Jan. 31, 2010). In *Harvey*, the plaintiff brought a § 1983 claim against the defendant prison guard. *Id.* at *1. The plaintiff claimed the defendant used unprovoked, excessive force against him. A DR was filed against the plaintiff and a hearing panel affirmed the DR, finding the plaintiff guilty of aggravated battery against an officer. *Id.* at *1-2. Plaintiff then tried to bring a § 1983 claim against the defendant for using excessive force, but the court explained that this suit was barred by *Heck* because if the § 1983 claim was successful, it would necessarily imply the DR conviction was invalid. *Id.* at *2-3. *See also Beecher v. Jones*, No. 3:08CV4161(MCR/EMT), 2010 WL 5058555, at *5 (N.D. Fla. Oct. 29, 2010) (quoting *Hayward v. Kile*, 2009 WL 2045923, at *1 (S.D. Ga. July 13, 2009))

Case No: 3:14cv53/LC/CJK

(stating a plaintiff "voluntarily steer[s] [his case] into *Heck* territory by making specific factual allegations in the [§ 1983] complaint that [are] inconsistent with the facts" upon which his disciplinary conviction is based); *See also LaFlower v. Kinard*, 2011 WL 2183555, at *3 (M.D. Fla. 2011) (barring an excessive force claim by applying *Heck* where the "Plaintiff's basis for this action is wholly inconsistent with the facts upon which the disciplinary conviction is based.")

Here, plaintiff contends Officer Degraaf used unprovoked, excessive force against him in retaliation for asking to speak to a supervisor. Further, plaintiff contends Captain Parish encouraged the excessive force by approving a false DR and arranging plaintiff's transfer. Similar to the plaintiff in *Harvey*, plaintiff in the case at bar has received a DR for battery on an officer. After reviewing the evidence, a hearing panel confirmed the DR. The DR conviction has not been overturned. (Doc. 36-2, p. 1). Contrary to his DR conviction, however, plaintiff now claims Degraaf initiated the attack without provocation. (Doc. 1, p. 5-8). Thus, viewing all of the allegations in the complaint as true, a judgment in plaintiff's favor would necessarily imply that the DR for battery on an officer is invalid. *See Heck*, 512 U.S. at 487. By alleging he did not hit Degraaf and that the DR was fabricated, plaintiff has "[s]teer[ed] [his case] into *Heck* territory[.]" *Beecher*, 2010 WL 5058555, at *5 (quoting *Hayward*, 2009 WL 2045923 *at 1); *see also Harvey*, 2010 WL 427434, at *2 (citing *Edwards*, 520 U.S. at 646-48) ("In determining whether a § 1983 claim is *Heck* barred, a court must consider whether the plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction."); *Richards v. Dickens*, 411 Fed. App'x 276 (11th Cir. 2011) (granting summary judgment for defendants using *Heck* because plaintiff's claim of self defense undermined his DR conviction of starting a fight).

Although plaintiff's response to defendants' motion (Doc. 38) asserts he is challenging only the DR that was overturned on a technical error and not the corrected DR, it is clear that plaintiff is challenging the underlying conviction for battery on an officer. (Doc. 1, p. 8). Plaintiff asserts that the allegation of battery on an officer was false and frivolous. Plaintiff neglects to note the rewritten DR (log number 106-130810) concerns the same incident as the "fabricated" DR. The corrected DR was confirmed as a disciplinary conviction. Therefore, the corrected DR, used for plaintiff's disciplinary conviction, is the only DR at issue. *See* F.A.C. Chapter 33-601.307(4)(b). Because plaintiff's allegations would undermine the DR conviction for battery on an officer, plaintiff's claims against defendants are barred by *Heck*.

Accordingly, it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (Doc. 36) be GRANTED and plaintiff's claims against defendants Degraaf and Parish be DISMISSED WITHOUT PREJUDICE.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of June, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

Case No: 3:14cv53/LC/CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.